# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | **Criminal Action No. 2011-09** |
| **RASHEED DAVID,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Attorneys:**
**Denise A. Hinds, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Patricia Schrader-Cooke, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## ORDER

THIS MATTER comes before the Court on Defendant Rasheed David's "Amended Motion Requesting the Court to Designate Terry Gribben's Transcription Service to Produce the Official Record," which was filed on February 10, 2012. (Dkt. No. 109). The Government has not filed an Opposition to Defendant's Motion, although the Government has provided its proposed changes—with which Defendant has concurred—to the transcript provided by Terry Gribben's Transcription Service. For the reasons discussed below, the Court will grant in part and deny in part Defendant's Amended Motion.

Defendant filed a Memorandum in support of his Motion for Acquittal on November 29, 2011. (Dkt. No. 83). Included with his Memorandum was an "Appendix" comprised of daily transcripts produced by Terry Gribben's Transcription Service—which is not the official court reporter. In its Opposition filed on December 12, 2011, the Government stated: "[T]he transcript

relied upon by the defense is not an official transcript. The Government has reviewed same and has found it to be profoundly inaccurate and at times excruciating to read. The Government will not be relying upon it in its responsive pleading." (Dkt. No. 84 at 1).

On January 26, 2012, the Court issued an Order finding that Defendant had relied on an unofficial transcript and directed the Government to submit a memorandum "explaining, with specificity, the basis for its allegations that the transcript is 'profoundly inaccurate and at times excruciating to read,' with particular emphasis on the alleged inaccuracies." (Dkt. No. 101). The Government responded with a memorandum explaining that "[a]fter a sifting review of the entire trial (except sidebar discussions and jury instructions) the Government has found that the transcript was at time inaccurate . . . However, the inaccuracies were not substantive and did not effect [sic] the import of the evidence elicited." (Dkt. No. 104 at 2). Included with that memorandum was a redlined version of the Appendix submitted by Defendant, proposing non-substantive changes to sixty (62) pages of the transcript. (*See* Redlined Appendix (hereinafter "App.") Dkt. Nos. 104-1, 104-2, and 104-3). The Government then refiled its Opposition on February 7, 2012, with cites to the Redlined Appendix. (Dkt. No. 107). On February 14, 2012, Defendant filed a memorandum stating that he concurred with the changes proposed in the Redlined Appendix and proposed seven more non-substantive changes. (Dkt. No. 110). The Government has not filed an Opposition to these seven proposed changes.

On February 10, 2012, the Defendant filed the instant motion, requesting that the Court designate the Appendix as the official transcript under 28 U.S.C. § 753(b). (Dkt. No. 109).[1] The Government has not filed an Opposition to Defendant's Motion. In the instant Motion,

---

[1] On the same day that Defendant filed this "Amended" Motion, Defendant filed a similar Motion, (Dkt. No. 108), which did not include several emails between the Public Defender's office and the Court Reporter regarding the ordering of a transcript in this case. Those emails are included in the Amended Motion.

Defendant explains that he ordered and paid for daily transcripts from Terry Gribben's Transcription Service in good faith, not realizing that the transcripts were not the official record. Defendant further argues that these transcripts should be designated as official under section 753(b), because to do otherwise would require a duplication of effort and would waste resources.

Pursuant to 28 U.S.C. § 753(a), this Court has a designated court reporter, who when present in the Courtroom in her capacity as a court reporter during a court proceeding, is the source of the official transcript for that proceeding. Section 753(b) allows the Court to designate an individual to produce an official record of Court proceedings. 28 U.S.C. § 753(b) ("No transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter *or other individual designated to produce the record*.") (emphasis added). Although section 753(b) permits the Court to designate someone other than its official court reporter to produce the official transcript of a proceeding, a request by a party do so should be made in advance *to the Court*. Here, although Defendant had communicated with the *Clerk of the Court* regarding the making of daily transcripts, the Clerk did not, and could not authorize Defendant to use such transcripts as the official transcripts, and Defendant did not request permission from the Court to do so until after the trial in the context of his Motion for Acquittal. While the Court will grant Defendant's request *in this instance*, future requests to so designate must be made to the Court in advance of the trial or other Court proceeding trial and will be granted only in compelling circumstances.

**UPON CONSIDERATION** of Defendant's Amended Motion to Designate, the lack of opposition to same, the Redlined Appendix, and the changes proposed by Defendant to same, it is hereby

**ORDERED** that Defendant's "Amended Motion Requesting the Court to Designate Terry Gribben's Transcription Service to Produce the Official Record" (Dkt. No. 109) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that the Redlined Appendix (Dkt. Nos. 104-1, 104-2, and 104-3) as amended by the changes proposed by Defendant in Dkt. No. 110 is designated as part of the official record in this matter;[2] and it is further

**ORDERED** that Defendant's "Motion Requesting the Court to Designate Terry Gribben's Transcription Service to Produce the Official Record" (Dkt. No. 108) is **DENIED AS MOOT.**

**SO ORDERED.**

Date: June 4, 2012
　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　District Judge

---

[2] The record also includes transcripts of sidebar proceedings produced by the official court reporter. (*See* Doc. Nos. 87-89).

4